# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RICHARD CONNALLY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RON ASHTON and AMERICAN )<br>INGREDIENTS COMPANY, )<br>)<br>Defendants. ) | No. 05-0799-CV-W-FJG |

## ORDER

Currently pending before the Court is defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. # 9).

### I. BACKGROUND

On August 30, 2005, plaintiff filed a Motion for Leave to Proceed in forma pauperis. In conjunction with that Motion he submitted a Financial Affidavit. In his Financial Affidavit plaintiff represented that he earned $1100 a month and $380 a week in net income. Plaintiff also represented that he had no cash on hand. On October 11, 2005, plaintiff came into the Clerk's office and paid the $250.00 filing fee. On October 12, 2005, the Court granted plaintiff's Motion to Proceed in forma pauperis, without knowing that plaintiff had already paid the filing fee. On October 19, 2005, the Court issued an Order directing the Clerk's office to refund the amount of the filing fee to plaintiff as it had been determined that he qualified for in forma pauperis status. Defendants now move to dismiss plaintiff's Complaint because they allege plaintiff falsely represented his income to the Court.

## II. STANDARD

28 U.S.C. § 1915 (e)(2)(A) states in part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that -
(A) the allegation of poverty is untrue;

## III. DISCUSSION

Defendants argue that plaintiff's Complaint should be dismissed because he swore under oath that the information contained in his Financial Affidavit was true to the best of his knowledge and belief. Defendants also argue that plaintiff acknowledged "that a false statement or answer to any question in this affidavit will subject [him] to penalties of perjury." Defendant argues that plaintiff's Complaint should be dismissed because he grossly understated his income. Defendant states that plaintiff was employed as a warehouseman and earned $15.51 an hour. During the month of August, defendant states that plaintiff received four paychecks, which amounted to a net total income in excess of $2500 or approximately $625.00 (net a week). This is compared to plaintiff's representations that he was earning only $1100 a month in net income and $380.00 a week. Additionally, defendant states that during the month of August, plaintiff also received $416.71 (net) in vacation pay. Defendant argues that plaintiff's misrepresentations require the dismissal of his Complaint.

In response, plaintiff states that he arrived at the Courthouse at approximately 4:00 p.m. on August 30, 2005 and that when he arrived, he learned that the filing fee was $250.00 instead of $150.00. Plaintiff states that he informed the Clerk that he only had $150.00. Plaintiff states that the Clerk's office informed him that he could file a Motion to Proceed in forma pauperis. Plaintiff states that he was "subjected to

2

Case 4:05-cv-00799-FJG   Document 65   Filed 09/29/06   Page 2 of 4

## II. STANDARD

28 U.S.C. § 1915 (e)(2)(A) states in part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that -
(A) the allegation of poverty is untrue;

## III. DISCUSSION

Defendants argue that plaintiff's Complaint should be dismissed because he swore under oath that the information contained in his Financial Affidavit was true to the best of his knowledge and belief. Defendants also argue that plaintiff acknowledged "that a false statement or answer to any question in this affidavit will subject [him] to penalties of perjury." Defendant argues that plaintiff's Complaint should be dismissed because he grossly understated his income. Defendant states that plaintiff was employed as a warehouseman and earned $15.51 an hour. During the month of August, defendant states that plaintiff received four paychecks, which amounted to a net total income in excess of $2500 or approximately $625.00 (net a week). This is compared to plaintiff's representations that he was earning only $1100 a month in net income and $380.00 a week. Additionally, defendant states that during the month of August, plaintiff also received $416.71 (net) in vacation pay. Defendant argues that plaintiff's misrepresentations require the dismissal of his Complaint.

In response, plaintiff states that he arrived at the Courthouse at approximately 4:00 p.m. on August 30, 2005 and that when he arrived, he learned that the filing fee was $250.00 instead of $150.00. Plaintiff states that he informed the Clerk that he only had $150.00. Plaintiff states that the Clerk's office informed him that he could file a Motion to Proceed in forma pauperis. Plaintiff states that he was "subjected to

completion of the forma pauperis application and affidavit under duress, whereas plaintiff had to complete the application and affidavit in a short period of time before the clerk's office closed for that day." Plaintiff also alleges that he needed to file his Complaint that day because it was the day before the statute of limitations was to expire. Plaintiff also states that at the time he was completing his application, he was estimating his income on a net basis, not including the overtime and double time hours. Plaintiff then also states that when he was completing the Affidavit of Financial Status, there were several other monthly expenses which he forgot to include.

In reply, defendants state that plaintiff's explanations are not credible. Defendants note that in plaintiff's response, he does not claim that he could not pay the $250.00 filing fee because he is impoverished. Rather, they note that he admits that he subsequently came in on October 12, 2005, and paid the filing fee, without an explanation as to how he came up with the money. Additionally, defendants note that the fact that plaintiff states that he was "estimating" his income also is untrue and they note that his net pay for both June and July 2005, exceeded $2800 net in each month.

Plaintiff in a pleading titled "Response to Defendants' Reply Suggestions" states that he "reluctantly admits that he did not accurately identify net income nor his monthly obligations and liabilities when he submitted financial affidavits in support of the in forma pauperis complaint." He states however that he completed the forms under duress and did not sufficiently understand what the in forma pauperis application consisted of. He states that he did not intentionally or deliberately deceive the Court in his application and that he did not file it in bad faith, willfully, maliciously or wantonly.

> The in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system." Greaser v. State of Mo., Dep't of Corrections, 145 F.3d 979, 985 (8th Cir.

3

1998)(citing Atwood v. Singletary, 105 F.3d 610, 612 (11th Cir. 1997)). The decision of whether to grant or deny in forma pauperis status under section 1915 "is within the sound discretion of the trial court" and is reviewed for an abuse of discretion. Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).

Lee v. McDonald's Corp., 231 F.3d 456, 458 (8th Cir. 2000).

The Court does not find plaintiff's explanations credible. Plaintiff states that he was forced to complete the forms under "duress" and that he did not understand the forms. However, the Court is quite sure that the Clerk's office personnel have never forced anyone to file an motion for leave to proceed in forma pauperis or to file a false financial affidavit. In addition to misstating his income, plaintiff also clearly misstated the fact that he did not have any cash on hand, as he clearly came to the Courthouse with $150.00 and was prepared to pay what he thought was the amount of the filing fee at the time. Although plaintiff states that he did not take these actions in bad faith or act maliciously, this is not the question. The question in whether he misrepresented his financial status to the Court. Plaintiff has admitted that he has. The Court finds that his allegation of poverty is untrue and that dismissal of his Complaint is warranted. Therefore, the Court hereby **GRANTS** defendant's Motion to Dismiss (Doc. # 9). All other pending motions are hereby **DENIED** as **MOOT**.


Date: September 29, 2006            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                 Fernando J. Gaitan, Jr.
                                              United States District Judge