IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICHARD CONNALLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05-0799-CV-W-FJG |
| ) | |
| RON ASHTON and AMERICAN ) | |
| INGREDIENTS COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is plaintiff's Motion to Vacate and Set Aside Judgment of Dismissal and/or Alternatively Grant Interlocutory Appeal of Dismissal (Doc. # 67).

### I. BACKGROUND

On August 30, 2005, plaintiff filed a Motion for Leave to Proceed in forma pauperis. In conjunction with that Motion he submitted a Financial Affidavit. In his Financial Affidavit plaintiff represented that he earned $1100 a month and $380 a week in net income. Plaintiff also represented that he had no cash on hand. On October 11, 2005, plaintiff came into the Clerk's office and paid the $250.00 filing fee. On October 12, 2005, the Court granted plaintiff's Motion to Proceed in forma pauperis, without knowing that plaintiff had already paid the filing fee. On October 19, 2005, the Court issued an Order directing the Clerk's office to refund the amount of the filing fee to plaintiff as it had been determined that he qualified for in forma pauperis status. Defendants moved to dismiss plaintiff's Complaint because they allege plaintiff falsely

represented his income to the Court. On September 29, 2006, the Court granted defendant's motion and dismissed plaintiff's Complaint. Plaintiff has now filed the instant Motion to Vacate and Set Aside Judgment of Dismissal.

## II. STANDARD

Plaintiff states that he is filing his Motion pursuant to Fed.R.Civ.P. 54(b) and 28 U.S.C. § 1915(d). However, neither of these rules provide for vacating or setting aside judgments. The Court presumes that plaintiff meant to file his motion pursuant to Fed.R.Civ.P. 60 - Relief from Judgment or Order. The Court will proceed to analyze plaintiff's motion pursuant to this rule. Fed.R.Civ.P. 60(b) states in part:

> On motion and upon such terms as are just, the court may relieve a party on a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

## III. DISCUSSION

Plaintiff states in his motion states that "because of mathematical errors and duress, reluctantly admits that he did not accurately identify net income nor his monthly obligations and liabilities when he submitted financial affidavit in support of the in forma pauperis complaint. Plaintiff asserts that the record is clear in regard to plaintiff dealing in good faith in the forma pauperis application and affidavit that were submitted to plaintiff by the clerk of district court. That plaintiff completed the form under duress and did not sufficiently understand what in forma pauperis application consisted of."

2

(Plaintiff's Motion to Vacate, p. 10). Plaintiff states that he did not intentionally or deliberately deceive the Court in his application. Plaintiff argues that his Affidavit contained only insignificant discrepancies that do not justify dismissing his case. Plaintiff states that his good faith is demonstrated by the fact that he paid the $250.00 filing fee, the day before the Court granted his Motion to Proceed in forma pauperis.

The defendant states in opposition that plaintiff is basically re-arguing his position and that he has failed to provide adequate grounds to set aside the judgment. The Court agrees and finds no basis on which to vacate the judgment previously entered. Accordingly, plaintiff's Motion to Vacate and Set Aside Judgment of Dismissal is hereby **DENIED** (Doc. # 67).


Date:   December 5, 2006              **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                 Fernando J. Gaitan, Jr.
                                      United States District Judge